HILTON HOTELS INTERNATIONAL, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; ELÍ TOLLINCHI PÉREZ, interventor.

Número 1972.

*Sometido:* 1 de noviembre de 1954. *Resuelto:* 27 de diciembre de 1954.

---

*McConnell & Valdés* y *Elmer Toro Luchetti,* abogados de la peticionaria; *Joaquín Gallart Mendía* y *Domingo Candelario,* abogados del Departamento del Trabajo y a su vez del interventor.

PER CURIAM: Elí Tollinchi Pérez presentó ante el antiguo Tribunal Municipal de Puerto Rico, Sección de San Juan, una demanda en reclamación de salarios contra la Hilton Hotels International, Inc. Contestada la misma el pleito fué a juicio, dictándose por dicho tribunal sentencia contra la querellada. Apelada esa sentencia para ante el extinto Tribunal de Distrito de Puerto Rico, Sección de San Juan, el caso fué visto *de novo* y sometido mediante una estipulación que en lo pertinente reza así:

"1.—Que desde el día primero de febrero de 1950 hasta el día 12 de marzo de 1950 el querellante trabajó para la querellada como listero (*timekeeper*), con un sueldo de $120 mensuales, o sea a razón de $27.65 semanales.

"2.—Que durante el período mencionado en el párrafo 1 precedente el querellante trabajó 4 séptimos días, habiendo trabajado durante 8 horas en cada uno de los 7 días de las semanas comprendidas en dicho período, y recibió como compensación, en adición a sus salarios semanales regulares, un pago de $3.95 por cada uno de dichos séptimos días.

"3.—Desde el día 12 de marzo de 1950 hasta el día 15 de junio de 1950 el querellante trabajó para la querellada como listero, con un sueldo de $88 mensuales, o sea, a razón de $20.30 semanales.

"4.—Durante el período mencionado en el párrafo 3 precedente el querellante trabajó 11¾ séptimos días, habiendo trabajado durante 8 horas en cada uno de los 7 días de las semanas comprendidas en dicho período, exceptuando un séptimo día que trabajó seis horas, y recibió como compensación, en adición a sus salarios semanales regulares, un pago de $2.90 por cada uno de dichos séptimos días.

"5.—Desde el día 15 de junio de 1950 hasta el día 12 de noviembre de 1950, en cuya fecha el querellante cesó en su empleo

con la querellada, el querellante trabajó para la querellada como listero, con un sueldo mensual de $91.74, o sea, a razón de $21.33 semanales.

"6.—Durante este último período el querellante trabajó para la querellada 18 séptimos días, habiendo trabajado durante 8 horas en cada uno de los 7 días de las semanas comprendidas en dicho período, y recibió como compensación, en adición a sus salarios semanales regulares, un pago de $3.05 por cada uno de dichos séptimos días.

"7.—El querellante, desde el día 8 de julio de 1950 hasta el día 12 de noviembre de 1950, en cuya última fecha el querellante cesó en su empleo con la querellada, estaba sujeto, como miembro de la Unión de Empleados de Hoteles, Cafés y Restaurantes de Puerto Rico, a un convenio colectivo celebrado entre dicha Unión y la querellada, del cual son pertinentes al caso de epígrafe los siguientes párrafos:

"Artículo IV

"Horas de Trabajo y Horas Extraordinarias

"(a) La jornada normal de trabajo consistirá de un día laborable de ocho (8) horas y la semana de trabajo consistirá de cuarenta y ocho (48) horas, excluyendo en ambos casos el tiempo invertido para las comidas. Una semana de trabajo consistirá de siete (7) días sucesivos. Se devengará paga extraordinaria por todo trabajo que se efectúe durante horas en exceso de ocho (8) horas en cualquier período de veinte y cuatro (24) horas consecutivas, o en exceso de cuarenta y ocho (48) horas en cualquier semana laborable, o durante día(s) feriado(s) del empleado o durante el día semanal de descanso del empleado, y el Hotel pagará por dicho trabajo a un tipo igual que el doble de la paga por hora regular del empleado."

. . . . . . . .

"Artículo V

"(a) Cada empleado cobijado por este convenio tendrá derecho a un día de descanso con paga completa, luego de haber trabajado durante seis días consecutivos de una semana laborable regular, esto es, durante una semana de labor de siete días. Se entiende, sin embargo, que la paga del empleado por su día de descanso queda incluída en su salario semanal regular, y habrá sido satisfecha al pagarse al empleado su salario semanal regular.

"(b) En caso de que se requiera a un empleado que trabaje en su día semanal de descanso, se le pagará el doble de su tipo de paga regular por dicho trabajo."

El antiguo tribunal de distrito dictó una vez más senten-
cia contra la querellada y le condenó a pagar al querellante la
suma de $104.78, importe de las diferencias en salario adeu-
dadas por aquélla a éste, y otra suma igual por concepto de
penalidad adicional. Véase la sec. 25 de la Ley 8 de 1941
((1) pág. 303), según fué enmendada por la Ley núm. 451 de
1947 ((1) pág. 951). Esa sentencia está debidamente fun-
damentada y en la misma, después de copiarse la parte de la
estipulación que hemos citado más arriba, se dice lo que pasa-
mos a copiar en seguida:

"La posición del querellante es la siguiente: que todo em-
pleado de un negocio cubierto por el decreto mandatorio número
6 tiene derecho a descansar un día por cada seis días consecu-
tivos de trabajo; si el empleado no trabaja el séptimo día no
tendrá derecho a recibir paga adicional por el día de descanso,
sino que se entenderá que se le pagó cuando recibió el sueldo co-
rrespondiente a los seis días anteriores; sin embargo, cuando el
patrono hace o permite que el empleado trabaje el séptimo día,
entonces el patrono viene obligado a pagarle un salario adicional
a razón de no menos del doble del tipo de salario que estuviere
percibiendo.

"La posición de la querellada es que habiendo contratado los
servicios del querellante por una semana de siete días de ocho
horas cada uno, para calcular el salario diario correspondiente se
divide el salario semanal entre siete partes . . . y que habiendo
la querellada pagado al querellante en satisfacción de los sép-
timos días trabajados una compensación adicional de no menos
de una séptima parte del salario semanal, suma ésta que añadida
al pago del séptimo día no trabajado . . . equivale al pago doble
del tipo de salario que esté percibiendo y por lo tanto no debe
compensarle nada más. En otras palabras, por los séptimos días
trabajados la querellada cree que no debe satisfacerle al quere-
llante nada más que una compensación que equivale a una sép-
tima parte a tipo simple del salario que esté percibiendo, pues la
otra séptima parte se la ha pagado al satisfacerle su salario
ordinario.

"El decreto mandatorio número 6 de la Junta de Salario Mínimo de Puerto Rico Fijando Salarios Mínimos, Horas Máximas de Labor y Condiciones de Trabajo en el Negocio de Hoteles, Restaurantes, Cantinas y Fuentes de Sodas, en vigor después de enmendado desde el 14 de abril de 1945, establece en su apartado especial que 'todo empleado que en una semana trabaje más de 48 horas, . . . o en un día más de ocho, tendrá derecho a compensación, por su trabajo en exceso de dichas horas máximas semanales o diarias, a razón de no menos del doble del tipo de salario que esté percibiendo.'

"El apartado *F* del mismo decreto establece que 'todo empleado permanente tendrá derecho, por cada seis días consecutivos en que trabaje, a uno de descanso cuyo sueldo queda incluído y se habrá satisfecho al pagársele, por su labor de los seis días anteriores, un importe que no sea inferior al salario mínimo que establece el presente Decreto; *De hacérsele o permitírsele trabajar en dicho día a pesar de esta disposición, las horas de labor que así realice se le pagarán a razón de no menos del doble del tipo de salario que esté percibiendo.'*

". . . . . . . .

"El apartado *F* empieza por fijar en cuarenta y ocho horas las horas máximas semanales de trabajo, o sea seis días a ocho horas y establece pago doble si el empleado trabaja en exceso de *dichas horas máximas semanales.* El apartado *F* establece un día de descanso por cada seis días consecutivos en que trabaje. La disposición de que el día de descanso queda compensado con el sueldo que percibe el empleado cuando no trabaja el día de descanso, es simplemente una contraproposición para establecer el pago doble cuando trabaja el día de descanso. Esto es tan obvio que no merece mucha consideración. Según el patrono no puede descontar del salario semanal, ni el empleado reclamar en adición al salario semanal, cuando no trabaja el día de descanso, el patrono está obligado a compensar y el empleado tiene derecho a percibir el tipo doble cuando trabaje el día de descanso. Mal puede el patrono alegar si su empleado trabaja el séptimo día que ya le ha compensado a tipo simple parte del valor del servicio rendido, cuando la ley le prohíbe descontar del sueldo semanal cantidad alguna cuando el empleado no trabaja dicho séptimo día.

". . . Para nosotros es claro que la compensación que establece el apartado *F* del decreto mandatorio número 6 . . . significa que independientemente de cualquier compensación semanal que el

empleado recibe por horas máximas semanales, según dice el decreto . . . si el patrono permite o hace que el empleado trabaje durante el día de descanso, tiene que pagarle por dichas horas extras un tipo doble de salario y no puede usar ninguna parte del salario que pague por horas máximas semanales o por horas regulares, para compensar el tipo doble que deba satisfacer cuando el empleado trabaje durante el día de descanso, o sea, el día siguiente a seis días consecutivos de trabajo anteriores." (Primeras bastardillas nuestras.)

A instancias de la querellada expedimos un auto de *certiorari*.

Estamos enteramente de acuerdo con las conclusiones del tribunal inferior. El contexto del decreto es completamente claro. Como se ha visto, éste es en síntesis al efecto de que todo empleado tiene derecho a un día de descanso por cada seis días consecutivos que trabaje; de que el sueldo de ese día de descanso queda incluído en el de los seis días anteriores; y de que de hacérsele o permitírsele trabajar durante el día de descanso, las horas de labor que realice se le pagarán "a razón de no menos del doble del tipo de salario que esté percibiendo." La médula de la cuestión aquí envuelta es el alcance que debe dársele a las palabras que acabamos de poner entre comillas. Para nosotros ese alcance es completamente claro.

De acuerdo con la fraseología del decreto el obrero trabaja seis días y descansa uno, pero el sueldo semanal se le paga por siete días. De suerte pues, que no hay la menor duda de que hay que dividir por siete el salario semanal pagado al obrero para determinar cuánto debe pagársele por el día de descanso, si es que éste lo trabaja. Ahora bien, determinado el salario correspondiente al séptimo día ¿si el obrero trabaja el día de descanso, debe pagársele solamente una suma *adicional igual* a la percibida por él por ese día? Seguramente que no. Ello no estaría a tono ni con la letra ni con el espíritu del decreto. La letra del decreto es al efecto de que si el obrero trabaja el día de descanso se le pagará no me-

nos del doble del tipo de salario *que esté percibiendo*. Eso significa que si por el día de descanso él está percibiendo un salario de, digamos, $5, de trabajar ese día deberá pagársele no menos del doble de esos $5, o sea no menos de $10 más. Si el propósito del decreto hubiera sido que se le pagara una suma adicional igual al salario que el obrero estuviere percibiendo por el día de descanso, fácil hubiera sido hacerlo constar así. Además de que, como veremos, ello hubiera sido injusto, el decreto no dice tal cosa.

El siguiente ejemplo nos demostrará cuán correctos son los anteriores asertos: supongamos que un obrero en la industria hotelera percibe un sueldo de $28 semanales. Según el decreto aquí envuelto, esos $28 le serán pagados por siete días, seis de los cuales son de trabajo y uno de descanso. Ello equivale a un sueldo de $4 por día. Sin embargo, es paladino que aunque ese sueldo se le paga por una semana de siete días, como cuestión de hecho el obrero sólo ha trabajado seis días. En su consecuencia, por cada día en que ha rendido labor ha merecido—matemáticamente hablando y a base de los $28 semanales antes citados—un sueldo de $4.66 2/3 por día (o sea $28 divididos entre 6). Si al trabajar el día de descanso se le pagara al obrero, como sostiene la peticionaria, tan sólo un sueldo adicional equivalente a la *paga sencilla* recibida por él por el séptimo día, el resultado sería que por trabajar el día de descanso, como cuestión de hecho el obrero estaría recibiendo menos ($4) que por trabajar un día ordinario, que como hemos visto en el ejemplo anteriormente dado sería $4.66 2/3. Así pues, de aceptarse la premisa de la peticionaria el resultado final sería que—en el ejemplo anterior—por cada uno de los primeros seis días el obrero estaría recibiendo como paga la suma de $4.66 2/3, mientras que por sacrificar su día de descanso únicamente estaría percibiendo $4. Esto es ilógico. No fué ése sin duda el propósito del decreto. Sus palabras son terminantes al efecto de que al obrero que trabaje su día de descanso se le pagará como salario adicional no menos del doble del tipo de salario que esté

efectivamente recibiendo. Así lo resolvió el tribunal recurrido.

A igual conclusión nos lleva el contexto del convenio colectivo que figura en la estipulación presentada por las partes.

*Debe anularse el auto expedido.*

El Juez Asociado Sr. Belaval no intervino.